IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GGNSC - BATESVILLE, LLC
d/b/a GOLDEN LIVING CENTER OF
BATESVILLE                                                                              PLAINTIFF

v.                                                                                              CIVIL ACTION NO.
                                                                                                2:09-CV-107-SAA

LESSIE WEBB, Individually,
Administratrix of the Estate of
DAISY FONDREN, Deceased, and
on behalf of the Heirs-at-Law and
Wrongful Death Beneficiaries of
DAISY FONDREN, Deceased, and
JOHN DOES 1-10.                                                                      DEFENDANTS

## ORDER

The defendants Lessie Webb, *et al*., seek dismissal of this action because a parallel action, filed before this case, is pending in state court. The defendants ask the court to abstain from exercising jurisdiction and dismiss the matter entirely on that basis. Alternatively, the defendants seek a finding that the arbitration agreement at issue here is unenforceable. In accordance with the provisions of 28 U.S.C. § 636(c), all parties consented to have a United States Magistrate Judge conduct the proceedings in this case, including an order for entry of a final judgment.

## FACTS

On August 4, 2008 Webb's counsel notified Golden Living Center of Batesville and its Director of Nursing, Sandi Lott, that Webb intended to bring an action under Miss. Code Ann. § 15-1-36(15) (1972) for nursing home negligence regarding the care of Daisy Fondren. Docket #

13, p.9. In response, counsel for Golden Living Center of Batesville notified Webb that Golden intended to enforce an arbitration agreement which Webb had executed on behalf of Fondren on March 9, 2007. See docket ## 1 & 13. The arbitration agreement committed the parties to arbitrate

> . . . any claim for payment, nonpayment, or refund for services rendered to the Resident by the Facility, violations of any right to the Resident by law or by the Admission Agreement, breach of contract, fraud or misrepresentation, negligence, gross negligence, malpractice, or claims based on any departure from accepted medical or health care or safety standards, as well as any and all claims for equitable relief or claims based on contract tort, statute, warranty, or any alleged breach, default, negligence, wantonness, fraud, misrepresentation, suppression of fact or inducement.

Docket # 1, p. 6.

On behalf of the lawful heirs and wrongful death beneficiaries of Daisy Fondren, Webb filed a complaint in the Circuit Court of Panola County, Mississippi on April 27, 2009 against Golden Living Center of Batesville, Sandi Lott, David Bell M.D. and John Does 1-10, seeking damages for negligence, gross negligence, intentional infliction of emotional distress, breach of fiduciary duty, respondeat superior and wrongful death. Docket # 7-2. The state court complaint was not served upon any of the defendants.[1]

On June 29, 2009 GGNSC Batesville, LLC d/b/a Golden Living Center of Batesville filed this federal action to enforce the arbitration agreement against Webb and the heirs-at-law and wrongful death beneficiaries of Daisy Fondren. Docket # 1. Webb then filed an amended state court complaint on July 14, 2009 that eliminated Dr. Ball as a defendant in the state court case. Docket # 13, pp. 13-26.

---

[1] The fact that the complaint was not served upon the defendants is not fatal to their state court claim as they had 120 days to serve the complaint under Miss.R.Civ.P. 4(h).

Webb asserts that because the state court case was the first case to be filed, and the same underlying facts and circumstances surround both lawsuits, the state court has jurisdiction over this matter and is the proper venue for resolution of any issues raised in GGNSC's complaint. Moreover, Webb asks the court to dismiss GGNSC's complaint on the ground that the arbitration agreement is not valid or legally binding under Mississippi law. Docket # 7, ¶¶ 1 & 2.

## LEGAL STANDARD

The first defense in Webb's answer to GGNSC's federal complaint is titled "motion to dismiss" and sets forth two grounds upon which the court should dismiss the case, but does not identify the legal basis for dismissal. The court has reviewed the pleadings and determined that Webb requests a dismissal under Fed.R.Civ.P. 12(b)(6) on the ground that GGNSC has failed to state a claim upon which relief may be granted. Docket # 7.

A Rule 12(b)(6) motion to dismiss is determined solely on the pleadings and is not the means to resolve the facts or the substantive merits of the claims. 5B Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed.2004). *See also Jackson v. Procunier*, 789 F.2d 307, 309-310 (5th Cir. 1986). The complaint must contain sufficient factual allegations, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, (2007)). The court's 12(b)(6) analysis of the sufficiency of the claim is based upon the assumption that all the allegations contained in the complaint are true. *Twombly*, 550 U.S. at 555-56. The court then reviews the plausibility of a claim in its specific context, drawing on the court's "judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. The "plausibility standard" is not a 'probability requirement,' but does require more than a

remote suggestion that the defendant acted unlawfully. *Iqbal*, 129 S.Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 570)).

## ANALYSIS

**A.** *Colorado River* **Abstention**

Webb asks the court to abstain from exercising jurisdiction in this case under principles enunciated by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927 (1983). *Colorado River* abstention by a federal court is proper only when there are parallel proceedings in both state and federal court involving the same parties and the same issues. *Stewart v. Western Heritage Insurance Co*, 438 F.3d 488, 491 (5th Cir. 2006). If the cases are not parallel, the federal court must exercise jurisdiction. *RepublicBank Dallas, National Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). Cases are parallel if they "'involv[e] the same parties and the same issues.'" *Id.* at 1121 (quoting *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973)).

Abstention should only occur in "exceptional" circumstances and rests upon considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Nationstar Mortgage LLC v. Knox*, 2009 WL 2605356, *6 (5th Cir. 2009) (quoting *Colorado River*, 424 U.S. at 816, 817).

In determining whether to abstain, the court considers six factors:

> (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

4

*Stewart v. Western Heritage Insurance Co.*, 438 F.3d at 492.

The court finds that the totality of these factors does not weigh in favor of *Colorado River* abstention.[2] Although there is no *res* in this matter, the factor still contributes to the court's analysis; precisely because there is no *res* over which the state court could assert control, this factor weighs against abstention. *See Stewart v. Western Heritage Insurance Co.,* 438 F.3d at 493.

Nor has Webb offered any argument that the state court is a more convenient forum. The court finds it significant that the defendants initiated the state court case with the knowledge that GGNSC intended to enforce the arbitration agreement; the potential for federal litigation was well known to the defendants. "Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts. Such a course could lead to prolonged litigation, one of the risks the parties, by contracting for arbitration, sought to eliminate." *Southland Corp. v. Keating*, 465 U.S. 1, 7, 104 S.Ct. 852, 856 (1984); *Snap-On Tools Corp. v. Mason*, 18 F.3d 1261, 1265 (5th Cir. 1994). The second factor weighs against abstention.

With respect to the third factor – the avoidance of piecemeal litigation – the court looks to Fifth Circuit and Supreme Court precedent.. The Fifth Circuit recognizes that the strong congressional policy favoring arbitration may result in piecemeal litigation. *Snap-On Tools*, 18

---

[2] GGNSC argues that the parties are not identical because Webb has not properly named or identified GGNSC as a party in state court, and GGNSC intends to amend its complaint to add and all other heirs at law and wrongful death beneficiaries of Daisy Fondren, which would further eliminate the identity of the parties. Docket #28, p. 4-5. The court has determined that abstention is inappropriate in this case and thus does not need to resolve whether the proceedings are parallel. *See Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir. 2006) (citing *Stewart v. Heritage Ins. Co.*, 438 F.3d 488, 493 (5th Cir. 2006)).

F.3d at 1265.  Moreover, the Supreme Court has noted that the relevant federal law occasionally *requires* piecemeal litigation to effectuate an arbitration agreement.  *Moses H. Cone Memorial Hospital*, 460 U.S. at 20, 103 S.Ct. at 939 [emphasis the Court's].  Thus, this court finds that the third factor also weighs against abstention.  *Nationstar Mortgage LLC v. Knox*, 2009 WL 2605356, *7.

In determining the order in which jurisdiction was obtained, the court looks to the progress that has been made in the state and federal actions rather than a mechanical argument of which case was filed first.  *Snap-On Tools*, 18 F.3d at 1266.  The case compelling arbitration necessarily follows the filing of a state court case because such an action is not required until the opposing party has repudiated its obligation to arbitrate by filing its state case.  *Id.* (citing *Moses H. Cone Memorial Hospital*, 460 U.S. at 21, 103 S.Ct. at 939).  In this case, the parties have made initial disclosures and met with the undersigned, the case has been placed on the expedited track, a case management order has been entered setting the trial for May 31, 2010 and, among other deadlines, a discovery deadline of January 16, 2010.  In the state court case, Webb has filed a motion for declaratory judgment and a hearing was scheduled for October 22, 2009.  As the cases in both courts are in their initial stages with the federal case progressing, this factor appears to be neutral with respect to abstention.

The subject matter of the federal case is the enforcement of an arbitration agreement, under the Federal Arbitration Act [FAA].  *Nationstar Mortgage LLC*, 2009 WL 2605356, *8 (citing *Moses H. Cone Memorial Hospital*, 460 U.S. at 24 and *Snap-On Tools*, 18 F. 3d at 1266).  Consequently, the fifth factor – the extent to which federal law provides the rules of the decision on the merits – weighs against abstention.  Finally, the court finds that the sixth factor – the

adequacy of the state court proceeding to protect the rights of the plaintiff, is neutral. *Stewart v. Western Heritage Insurance Co.*, 438 F.3d at 493.

Four of the factors weigh against abstention and two of the factors are neutral with regard to abstention; thus, the court finds that totality of the factors weighs against *Colorado River* abstention.

**B.  Enforcement of Arbitration Agreement**

Webb asserts that the arbitration agreement is unenforceable as it does not comply with the Uniform Health-Care Decisions Act, Miss. Code Ann. § 41-41-201, *et seq.* Webb relies on *Mississippi Care Center of Greenville, LLC v. Hinyub*, 975 So.2d 211 (Miss. 2008) for the legal conclusion that the Mississippi Supreme Court has "decisively ruled that where the arbitration agreement is not a condition of admission, the person signing on behalf of the Resident, the alleged 'surrogate,' has no authority" under § 41-41-203 to enter into the arbitration agreement. Docket #17-2, p.8.

The objective of the FAA is to bestow on arbitration agreements enforceability comparable to any other contract. 9 U.S.C.A. § 2. "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986); *May v. Higbee Co.*, 372 F.3d 757, 763 (5th Cir. 2004). The issue of whether there was a valid arbitration agreement is a matter of contract law that is governed by state law principles. *May v. Higbee Co.*, 372 F.3d at 764 (citing *Washington Mutual Financial Group, LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004)); *Hinyub,* 975 So.2d

at 216. The agreement in this case is governed by Mississippi contract law.[3]

In determining a motion to compel arbitration under the FAA, the court applies a two-prong test. *Hinyub,* 975 So.2d at 215. Under the first prong there are two considerations; (a) whether there is a valid arbitration agreement; and (b) whether the parties' dispute is within the scope of the arbitration agreement. The second prong is "whether legal constraints external to the parties' agreement foreclosed arbitration of those claims." *Id.* A non-signatory party may be bound by an arbitration agreement in accordance with principles of contract law and agency. *Id.* (quoting *Thompson-CSF, S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 776 (2nd Cir. 1995)). The court must determine whether the signatory had the authority to enter into the arbitration agreement and consequently bind the resident. *Hinyub,* 975 So.2d at 216. The *Hinyub* court ultimately held that because there was no authenticated copy of the durable power of attorney in the record, the court was "constrained as a matter of law" to find that the signatory did not have the authority to bind the resident. *Hinyub,* 975 So.2d at 217.

The court then addressed the question of whether the signatory had the authority to bind the resident under Miss. Code Ann. § 41-41-211(1), which provides:

> A surrogate may make a health-care decision for a patient who is an adult or emancipated minor if the patient has been determined by the primary physician to lack capacity and no agent or guardian has been appointed or the agent or guardian is not reasonably available.

Because the arbitration provision was not part of the admission agreement in *Hiyub*, the court concluded that execution of the arbitration agreement was a decision that was not necessarily in

---

[3] Neither the plaintiff nor the defendants have argued otherwise. Moreover, the defendants are residents of Mississippi, the nursing home where the alleged negligence occurred is located in Mississippi, and the agreement was entered into in Mississippi; thus Mississippi contract law applies.

8

the best interest of the resident, as required by the statute. Thus, the signatory, acting as a health care surrogate under the Act, could not bind the resident to the arbitration agreement. 975 So.2d at 218.

The state Uniform Health-Care Decisions Act, however, never comes into play except as to persons acting as health care surrogates for individuals who cannot make decisions for themselves, and then only if two conditions precedent are demonstrated: First, the patient's primary care physician must have declared the patient incapacitated; second, there must be no other agent or guardian available to act on behalf of the incapacitated patient. If these conditions are not present, the individual may not act as a health care surrogate under the Act and would not have the legal authority conferred by the Act to make any health care decision.

The *Hinyub* court analyzed the signatory's ability to bind the resident to the arbitration agreement under the Act only *after* the court determined that the signatory did not have legal authority under contract and agency principles. The court's finding in *Hinyub* does not stand for the premise that the Act's scope extends to situations where a person is acting under other legal authority, or even for the premise that all executed arbitration agreements related to health care services are unenforceable under the Act. Rather, *Hinyub* holds that *if the signatory is acting under the authority granted by the Act* to make health care decisions for an incapacitated individual, then the execution of an arbitration agreement which is not "an essential part of the consideration for the receipt of 'health care,'" *Mississippi Care Center of Greenville, LLC v. Hinyub*, 975 So.2d at 218, *i.e.*, under the admission agreement, is not in the best interest of the incapacitated individual as required under § 41-41-211(6). Consequently, if the signatory had authority to act on behalf of the incapacitated individual under contract or agency principles,

9

then an analysis of the signatory's authority under the Act is unnecessary.

This court finds that it requires evidentiary materials other than the pleadings to determine the enforceability of the arbitration agreement at issue in this case. When evaluating a Rule 12 motion to dismiss, the court looks only at the pleadings and may not decide factual questions to resolve the merits of the claim. Further, the court accepts the plaintiff's allegations as true and, applying common sense, determines whether the claim is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. at 1949. In this case, GGNSC has filed a claim to enforce an arbitration agreement signed by Webb, attaching the executed arbitration agreement to the complaint. On its face, GGNSC's complaint is plausible and thus survives the defendants' motion to dismiss. The ultimate enforceability of the actual arbitration agreement, however, is a mixed question of law and fact that is the heart of the case, the resolution of which requires evidentiary support.

Webb's motion to dismiss must be **DENIED** under both her theories that the court should abstain under the *Colorado River* doctrine or that the arbitration agreement is unenforceable under the Uniform Health-Care Decisions Act, Miss. Code Ann. § 41-41-201 *et seq.*

**SO ORDERED**, this, the 24th day of November, 2009.

/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE